**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **REINIER MIGUEL MURSULI ROJAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1887-KC** |
| | § | |
| **EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,** | § | |
| | § | |
| **Respondent.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Reinier Miguel Mursuli Rojas' Petition for a Writ of Habeas Corpus, ECF No. 1.

Mursuli Rojas is a Cuban citizen who was ordered removed in absentia on December 8, 2025. *Id.* ¶¶ 6, 11; *see* Notice Appear, ECF No. 1-2. Mursuli Rojas' motion to reopen his removal proceedings was denied on February 26, 2026, and his motion for reconsideration of that denial was denied on April 8, 2026. *Id.* ¶¶ 7, 8. Mursuli Rojas was taken into immigration custody on March 18, 2026, and has been detained since that time. *See id.* ¶ 11. He challenges his detention as unlawful and seeks a bond hearing or release. *Id.* ¶ 13.

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. *Id.*

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition."). District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243. *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Mursuli Rojas the relief he seeks. Respondents are ordered to show cause by July 28, 2026.

Mursuli Rojas also seeks a "stay [of] removal while [his] petition is pending." Pet. ¶ 15. However, Mursuli Rojas is subject to a removal order, and his motions to reopen and for reconsideration have been denied in the immigration court. *Id.* The Court expresses no opinion as to whether Mursuli Rojas may seek a stay of his removal from the Board of Immigration Appeals or a Circuit Court of Appeals. But this Court lacks jurisdiction to stay his removal. *See Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) ("A request for a

stay of removal is a challenge to a removal order" and district courts generally lack[] jurisdiction to grant such relief.").

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than July 28, 2026**, why the application for a writ of habeas corpus should not be granted. The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**IT IS FURTHER ORDERED** that if any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**SO ORDERED**.

**SIGNED this 14th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE