**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **REINIER MIGUEL MURSULI ROJAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1887-KC** |
| | § | |
| **EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,** | § | |
| | § | |
| **Respondent.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered the case. On July 10, 2026, Reinier Miguel Mursuli Rojas filed a Petition for a Writ of Habeas Corpus, ECF No. 1. In response to the Court's Show Cause Order, ECF No. 2, Respondents filed a Response, ECF No. 5.

Respondents argue that Mursuli Rojas is lawfully detained under 8 U.S.C. § 1231(a) because "the six month presumptively reasonable period of post-removal order detention has not expired." Resp. 5.

Generally, when a noncitizen is ordered removed from the United States, removal should occur within ninety days. 8 U.S.C. § 1231(a)(1)(A). That removal period ordinarily begins when the noncitizen is subject to a final order of removal. *See id.* § 1231(a)(1)(B). During this removal period, "the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). The removal period may be extended in at least three circumstances. Relevant here, a noncitizen may be detained beyond the removal period if he is "(1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security

or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order." *Johnson v. Guzman Chaves*, 594 U.S. 523, 528–29 (2021) (citing 8 U.S.C. § 1231(a)(6)).

If any of these grounds apply, the statute imposes no limit on the time a person may be detained. Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 689–90. This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

Here Mursuli Rojas was ordered removed in absentia on December 8, 2025. Pet. ¶¶ 6, 11; Resp. 2. His motion to reopen his removal proceedings was denied, as well as his motion for reconsideration of that denial. *See id.* ¶¶ 7–8. Pursuant to his administratively final removal order, Mursuli Rojas has been detained for just over four months. *See id.* ¶ 11. Thus, he is still within the presumptively reasonable six-month-period for Respondents to effectuate his removal. *See Zadvydas*, 533 U.S. at 689–90. However, because Mursuli Rojas's detention may, in the near future, become unreasonably prolonged, the Court takes this matter under advisement pending additional information from Respondents.

Accordingly, the Court **ORDERS** that Respondents shall provide a status report **<u>by no later than September 18, 2026</u>**, detailing the following:

(1) What concrete steps have been taken to effectuate Mursuli Rojas' removal,

(2) What obstacles exist to effectuating Mursuli Rojas' removal, such as issuance of travel documents, or identifying a country for removal,

(3) What concrete steps have been taken to address the existing obstacles, and

(4) The anticipated timeline for Mursuli Rojas' removal from the United States.

**SO ORDERED**.

**SIGNED this 29th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE